UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0518 FMO (KSx) | Date | September 6, 2023 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None Present |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (In Chambers) Order Re: Motion to Remand

Having reviewed the briefing filed with respect to plaintiffs' Motion to Remand and for Fees and Costs (Dkt. 22, "Motion"), the court concludes that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**[1]

On July 14, 2020, Alejandra Chaisson and Grace Chong (collectively, "plaintiffs") filed a putative class action complaint in the Los Angeles County Superior Court ("state court") against the University of Southern California ("defendant" or "USC"), related to late fees charged by USC. (See Dkt. 1, Notice of Removal of Class Action to Federal Court ("NOR") at ¶¶ 1-2). On May 11, 2021, plaintiffs filed a Second Amended Complaint ("SAC"), which asserted various state law claims, and "maintained the same class definition as the original Complaint: All current or former students of USC who reside in California and paid or were charged one or more Late Fees imposed by Defendant within the past four years." (Id. at ¶¶ 19-20) (internal quotation marks omitted); (Dkt. 2-2, SAC at ¶ 25).

On June 22, 2022, plaintiffs filed a motion for class certification, seeking to certify a class of "[a]ll current and former students of USC" who paid or were charged late fees. (See Dkt. 1, NOR at ¶ 26). On the basis of the motion to certify, USC removed the action to this court on July 18, 2022, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (See id. at ¶ 32). On October 17, 2022, the court granted in part plaintiffs' Motion to Remand on the ground that the operative complaint included only a California class, and the state court had not certified a nationwide class. (See id. at ¶ 39); (see Alejandra Chaisson, et al. v. University of Southern California, CV 22-4923 FMO (KSx), Dkt. 21, Court's Order of October 17, 2022, at 3-4).

On January 12, 2023, plaintiffs filed the operative Third Amended Complaint ("TAC") in

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0518 FMO (KSx) | Date | September 6, 2023 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

state court, asserting claims for violation of: (1) Cal. Civ. Code § 3275; (2) California's Business and Professions Code ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; and (3) Cal. Civ. Code § 1671(b). (See Dkt. 3-20, TAC at ¶¶ 33-65). Plaintiffs seek to represent a class consisting of "[a]ll current and former students of USC" – instead of a class of "[a]ll current and former students of USC who reside in California" – who paid or were charged late fees by USC. (See Dkt. 1, NOR at ¶ 47); (Dkt. 3-20, TAC at ¶ 25). On the basis of the broader class definition, USC again removed the action pursuant to CAFA. (See Dkt. 1, NOR at ¶¶ 51, 53 & 57-58).

**DISCUSSION**

"CAFA vests federal courts with original diversity jurisdiction over class actions where (1) the aggregate amount in controversy exceeds $5,000,000; (2) any class member is a citizen of a state different from any defendant; and (3) there are at least 100 class members." Brinkley v. Monterey Fin. Servs., Inc., 873 F.3d 1118, 1121 (9th Cir. 2017) (citing 28 U.S.C. §§ 1332(d)(2) & (5)(B)). However, "Congress provided exceptions to CAFA jurisdiction[.]" See Adams v. West Marine Products, Inc., 958 F.3d 1216, 1220 (9th Cir. 2020). Plaintiffs seek remand pursuant to one of those exceptions, the "discretionary home state exception," (see Dkt. 22-1, Plaintiffs' Renewed Memorandum in Support of Renewed Motion to Remand and for Fees and Costs ("Memo.") at 2-7), which permits a court to decline to exercise jurisdiction "in the interests of justice" when "greater than one-third" of the putative class members and the primary defendants "are citizens of the State in which the action was originally filed[.]" See 28 U.S.C. § 1332(d)(3). In deciding whether to exercise its discretion to remand a case pursuant to the discretionary home state exception, the court considers the following six factors:

> (A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

Id.; see Adams, 958 F.3d at 1220-21. A "plaintiff need not satisfy all factors; courts employ a balancing test, taking into consideration the totality of the circumstances." Newberg on Class Actions, § 6:21 (6th ed.); Speed v. JA Energy Company, LLC, 872 F.3d 1122, 1128 (10th Cir. 2017) (similar). While a defendant bears the burden of establishing CAFA jurisdiction on removal, a party seeking to invoke a CAFA exception bears the burden under a preponderance of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0518 FMO (KSx) | Date | September 6, 2023 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

evidence standard to show that the exception applies.  See Adams, 958 F.3d at 1221.

I.   WHETHER MORE THAN ONE-THIRD OF THE MEMBERS OF THE PROPOSED CLASS AND THE PRIMARY DEFENDANT ARE CITIZENS OF CALIFORNIA.

As an initial matter, there is no dispute that USC is a citizen of California.  (See Dkt. 1, NOR at ¶ 72).  With respect to the citizenship of class members, "[t]o meet [its] burden, the moving party must provide some facts in evidence from which the . . . court may make findings regarding class members' citizenship."  Adams, 958 F.3d at 1221 (internal quotation marks omitted) (emphasis in original).  This burden "should not be exceptionally difficult to bear."  Id. (internal quotation marks omitted).

Here, plaintiffs put forth the deposition testimony of USC's Comptroller, Erik Brink ("Brink"), who testified that "around 40 percent" of USC's students are "California Residents."  (See Dkt. 22-1, Memo. at 4); (Dkt. 22-2, Exhibit ("Exh.") 4, Deposition of Erik Brink ("Brink Depo.") at 161).  In addition, Brink stated in his declaration in support of USC's Notice of Removal that, "[f]or incoming first-time undergraduate students for the Fall 2016 to Fall 2021 semesters, approximately between 57.09% and 60.16% of students had permanent addresses in states outside of California, but in the United States, or have permanent addresses outside of the United States, depending on the academic year" and that, "[f]or all undergraduate and graduate students for the Fall 2016 and Fall 2021 semesters, approximately between 45.6% and 48.6% of students had permanent addresses in states outside of California, but in the United States, or have permanent addresses outside of the United States, depending on the academic year."  (Dkt. 1-1, Declaration of Erik Brink in Support of Notice of Removal ("Brink Decl.") at ¶ 4); (see also Dkt. 22-2, Exh. 3) (USC website stating that "[a] full 42% of the newly enrolled class [of 2021] is from California").  The court agrees with plaintiffs that based on this evidence, a reasonable inference can be drawn that between 40% and 54% of the class is made up of California citizens – that is, more than one-third of the class is made up of California citizens.  (See Dkt. 22-1, Memo. at 4).

USC challenges this inference by noting that the information on which plaintiffs rely relates only to residency, not citizenship.  (See Dkt. 24, Defendant's Opposition to Plaintiffs' Renewed Motion to Remand and for Fees and Costs ("Opp.") at 6).  USC also contends that plaintiffs' evidence is limited to "then-current students from Fall 2016 through Fall 2021" while the class definition runs through the present.  (See id. at 8).  Moreover, according to USC, "the current information pertains to then-current students, it does not relate to the residency of former students."  (Id.).  USC's contentions are unpersuasive.

The Ninth Circuit has "caution[ed] that CAFA does not demand a plaintiff show the citizenship of each class member with certainty beyond a reasonable doubt.  And, . . . requiring a district court to examin[e] the domicile of every proposed class member before ruling on the citizenship requirement would render class actions totally unworkable."  Adams, 958 F.3d at 1223 (internal quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0518 FMO (KSx) | Date | September 6, 2023 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

      Further, USC's contentions highlight the unique and difficult challenges involved in determining citizenship for transient college students, even those recently graduated. "A person's domicile is her permanent home, where she resides with the intention to remain or which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For those individuals who leave the home they grew up in to "go away to college," or who recently graduated from college and are in the process of moving on to the next stage of their lives – whether it be a job or graduate school – those individuals are in a transient phase of their lives seeking to establish their domicile. But "a person's old domicile is not lost until a new one is acquired." Lew w. Moss, 797 F.2d 747, 750 (9th Cir. 1986); see Mondragon v. Capital One Auto Fin., 736 F.3d 880, 885 (9th Cir. 2013) ("[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change."). Thus, USC's contentions regarding the residency of their students during the class period do little to address the citizenship question. While "a person's residence constitutes some evidence of domicile[,]" Adams, 958 F.3d at 1221 (emphasis in original), where, as here, the class members' most recent domicile is the home they grew up in (before they went off to college), the evidence is more than sufficient to reasonably infer that more than one-third of the class members are California citizens. See id. at 1223 ("CAFA requires only that a plaintiff show, by a mere preponderance of the evidence, that the citizenship requirement is met."). But even assuming the domicile of USC students was the college dorm or apartment the student was living in at the time of removal, that would not change the result, for there is no indication in the record that the percentages of in-state and out-of-state students have changed in a significant manner. (See, generally, Dkt. 24, Opp. at 8-9). Morever, taking into account foreign students, (see id. at 8), which Brink included, (see Dkt. 1-1, Brink Decl. at ¶ 4), would not change the outcome given the considerable cushion reflected in Brink's declaration.[2]

      Finally, USC's reliance on King v. Great American Chicken Corp, Inc., 903 F.3d 875 (9th Cir. 2018) is unpersuasive. (See Dkt. 24, Opp. at 7-9). In King, the plaintiff sought remand pursuant to the local controversy or mandatory home state exception to CAFA jurisdiction, both of which require "greater than two-thirds" of the putative class members to be citizens of the forum state. See 903 F.3d at 875-76; 28 U.S.C. §§ 1332(d)(4)(A)-(B). In remanding the case, the district court relied on a stipulation providing that "at least two-thirds . . . of the putative class members had last-known addresses in California[]," King, 903 F.3d at 879 (internal quotation marks omitted), and, alternatively, that "at least 67% of the last known addresses . . . are in California." Id. (internal quotation marks omitted). With respect to the first basis, the Ninth Circuit noted that "at least two-thirds" was insufficient "because 'at least' is not the same as 'greater'" as required by

---

   [2] The same is true with respect to USC's contention, (see Dkt. 24, Opp. at 7-8), that the class is composed of students who paid late fees as opposed to all USC students. A reasonable inference can be made that the percentage of students who paid late fees correlates with the percentage of California students at USC generally. (See Dkt. 22-2, Exh. 4, Brink Depo. at 51) ("The late registration fee, late settlement fee are applied to all students.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0518 FMO (KSx) | Date | September 6, 2023 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

CAFA. See id. (internal quotation marks omitted). With respect to the 67% figure, the Ninth Circuit explained that it would produce a figure greater than two-thirds "but by an extremely narrow margin." See id. And given the "narrow cushion," "the likelihood that some putative class members were legally domiciled in or subsequently relocated to another state, and the probability that some class members were not United States citizens, [the Ninth Circuit could not] conclude that there was sufficient evidence to support a finding that greater than two-thirds of the putative class members were California citizens." Id. at 879-80.

Unlike in King, plaintiffs here are not relying on a "narrow cushion" to support the citizenship requirement.³ (See Dkt. 22-1, Memo. at 4); (Dkt. 1-1, Brink Decl. at ¶ 4). Based on the Brink declaration regarding the make-up of the students at USC, the court does not need "to assume that nearly 100% of class members with last known addresses in California were also California citizens – an assumption that would . . . amount[] to little more than guesswork." See Adams, 958 F.3d at 1222; King, 903 F.3d at 876 ("The stipulation left very little cushion, if any, to account for former employees who were not domiciled in California at the time this case was removed to federal court, because, for example, they had moved to another state."). Although "last known mailing addresses are not a direct proxy for residence, and residence is not a direct proxy for citizenship[,]" Adams, 98 F.3d at 1223, given that between 40% and 54% of USC students are California residents, (Dkt. 1-1, Brink Decl. at ¶ 4); (Dkt. 22-1, Memo. at 4), "as compared to the percentage of class member citizens required for a discretionary remand, [plaintiffs] readily met [their] burden." Adams, 98 F.3d at 1223.

II. INTERESTS OF JUSTICE.

As an initial matter, USC addressed only three of the six factors. (See Dkt. 24, Opp. at 9-10). It did not address subsections (B), (D) and (F) in § 1332(d)(3). (See, generally, id.); 28 U.S.C. § 1332(d)(3). Thus, the court construes USC's failure to address these factors as a concession that those factors favor remand. See, e.g., GN Resound A/S v. Callpod, Inc., 2013 WL 1190651, *5 (N.D. Cal. 2013) (when plaintiff failed to oppose a motion as to a particular issue, "the Court construes as a concession that this claim element [is not satisfied.]"); Hall v. Mortg. Investors Grp., 2011 WL 4374995, *5 (E.D. Cal. 2011) ("[]Plaintiff does not oppose Defendants' arguments regarding the statute of limitations in his Opposition. Plaintiff's failure to oppose . . . on this basis serves as a concession[.]").

In any event, the court finds that balancing the six "interests of justice" factors favors

---

³ If the court had any concerns as to whether the cushion was too "narrow" to support the citizenship requirement, it would, as the King court advised the district court, give plaintiffs "an opportunity to seek additional jurisdictional discovery and to renew [their] motion to remand." 903 F.3d at 881. Specifically, the court would require USC to produce a class list that contains the names, current and former addresses (e.g., the address the student entered on their college application), and contact information for all class members.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0518 FMO (KSx) | Date | September 6, 2023 |
|---|---|---|---|
| Title | **Alejandra Chaisson, et al. v. University of Southern California** | | |

remand.  See 28 U.S.C. § 1332(d)(3).  First, as to subsections (A) and (B), the claims in this action do not involve matters of national or interstate interest.  Also, all of the claims are governed by California law and arise out of alleged misconduct that took place exclusively in California.  (See Dkt. 3-20, TAC at ¶¶ 33-65); 28 U.S.C. §§ 1332(d)(3)(A) & (B).  There is no indication that any of the alleged misconduct took place outside of California or that plaintiffs are seeking to apply another state's law to the alleged misconduct in this case.  In short, subsections (A) and (B) favor remand.

Second, as to subsection (C), USC's argument consists of two conclusory sentences, (see Dkt. 24, Opp. at 10) ("Plaintiffs have attempted to plead their complaints to avoid federal jurisdiction and otherwise sought to avoid federal court for two years, even after converting this case to a nationwide putative class.  This factor favors retaining jurisdiction.") (citations omitted), devoid of any detail or explanation as to how plaintiffs pleaded in a manner that sought to avoid federal jurisdiction.  (See, generally, id.).  USC's conclusory contention, (see id.), is speculative at best.  Further, "simply limiting a class to the citizens of the defendant's state is not in and of itself inappropriate."  Newberg on Class Actions, § 6:21 (6th ed.) (cases cited therein).  In other words,  there is no evidence that plaintiffs purposely or actively attempted to manipulate federal jurisdiction by initially pleading a California-only class.  See In re Hannaford Bros. Co. Customer Data Security Breach Litigation, 564 F.3d 75, 81 (1st Cir. 2009) ("[W]e reject Kash N' Karry's argument that Grimsdale has improperly limited his class allegations to include only Florida citizens.").  Finally, while it can be argued that the amendment of the SAC to eliminate the California residency requirement for class members was an attempt to manipulate federal jurisdiction, it can also be argued that plaintiffs' counsel's conduct was an exercise of their fiduciary duty to the class.  Where, as here, the challenged late fee policy applies to all USC students, irrespective of where they were or are domiciled, there is no principled reason to exclude USC students who are non-citizens of California.[4]

Third, as to subsections (D) and (E), the action was filed in California, which has a "distinct nexus" with class members, the alleged harm, and defendant.  See 28 U.S.C. §§ 1332(d)(3)(D) & (E).  As noted above, all of the alleged misconduct and resulting injuries took place in California, USC is based in Los Angeles, more than one-third of the class members are citizens of California, and there is no indication that any other state has more citizens than California.  (See, generally, Dkt. Opp. at 5-10); see, e.g., Foley v. Cordillera Golf Club, LLC, 2012 WL 1144856, *7 (D. Colo. 2012) ("The Plaintiffs are citizens in thirty-seven states and a number of foreign countries. . . . However as discussed above, more than 215 of the Class members are Colorado residents.  The state with the next highest number of Class members – Texas – has only about half as many as Colorado.  Thus, this factor also weighs in favor of the Court declining to exercise jurisdiction over this matter."); Hirschbach v. NVE Bank, 496 F.Supp.2d 451, 461 (D.N.J. 2007) ("[]New Jersey is

---

[4] To avoid a separate class action brought on behalf of non-California citizen USC students, counsel for USC would, no doubt, insist that any settlement of a California-only class be expanded to include all USC students subject to the same late fee policy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-0518 FMO (KSx) | Date | September 6, 2023 |
|---|---|---|---|
| Title | Alejandra Chaisson, et al. v. University of Southern California | | |

home to a substantially greater portion of the class than any other one state. While there is no proof before the Court regarding the domicile of the non-New Jersey members of the class, there is no indication that any other single state has as great an interest in litigating the controversy as New Jersey does."). Thus, subsections (D) and (E) also weigh in favor of remand.

Finally, there is no indication that a class action asserting the same or similar claims has been filed against USC in the three year period preceding the filing of the instant action. See 28 U.S.C. § 1332(d)(3)(F); (see Dkt. 22-1, Memo. at 7) (plaintiffs indicating that they are unaware of any such actions). In short, putting aside the fact that USC did not contest three of the six factors set forth in 28 U.S.C. § 1332(d)(3), the court finds that five of the six factors favor remand while one, at most, is neutral. Under these circumstances, the court will grant plaintiffs' Motion[5] and exercise its discretion, in the interests of justice, to remand this case pursuant to CAFA's discretionary home state exception.[6] See 28 U.S.C. § 1332(d)(3).

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand and for Fees and Costs **(Document No. 22)** is **granted in part** and **denied in part**.

2. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles.

3. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |

---

[5] Plaintiffs seek an award of attorney's fees and costs in connection with the Motion. (See Dkt. 22-1, Memo. at 14-15). Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). Here, the court finds that attorney's fees under 28 U.S.C. § 1447(c) are unwarranted.

[6] Based on this determination, the court need not address plaintiffs' other grounds for remand.